## SAM J. SMITH v. DURANT MOTOR CAR COMPANY.

Western Section.   November 9, 1925.

No petition for Certiorari was filed.

1. **Automobiles.  An Automobile is not an inherently dangerous instrumentality.**
    In a suit to recover damages for an injury caused by a defective wheel on an automobile, held that an automobile is not an inherently dangerous instrumentality.

2. **Words and phrases.  "Doty wood" defined.**
    Doty wood as found in a defective automobile wheel, held "Doty" means discolored by incipient or partial decay."

3. **Sales.  Implied warranty of fitness for purpose sold.  Ultimate purchaser must prove knowledge of defects on part of the manufacturer.**
    In an action by an ultimate purchaser to recover damages from the manufacturer for injuries caused by defects in the wheel of an automobile, held that the plaintiff must prove knowledge of the defects on the part of the manufacturer.

4. **Sales.  Implied warranty of fitness.  That manufacturer bought wheels in a finished condition from a reputable manufacturer of wheels is a good defense.**
    In an action by an ultimate purchaser to recover damages from the manufacturer for injuries caused by defects in·the wheel of an automobile, held that the showing by the manufacturer that the wheels were purchased in a finished condition from a reputable manufacturer of wheels is a good defense.

Appeal in Error from Circuit Court, Shelby County; Hon. H. W. Laughlin, Judge.

Affirmed.

Ewing, King & King and H. P. Posert, of Memphis, for appellant.

C. L. Neely, of Memphis, for appellee.

HEISKELL, J.   This is a suit by the plaintiff, Sam J. Smith, to recover $2500.00 damages for injury to his automobile and to his person.   The declaration sets out his cause of action as follows:

"That heretofore, to-wit, on or about the 21st day of February, 1924, the Plaintiff purchased from one W. W. Cox a certain Star touring car, 1923 model.   That the said Cox had bought the machine new from the H. A. White Auto Co., the defendant's dealer in the territory in and around Memphis, Shelby county, Tennessee.   The said dealer agreed in writing to the sale aforesaid.   Neither Cox nor any other person had operated the car at the time of the purchase aforesaid, and delivery was made by the White Company to the plaintiff.   At

the time of the accident hereinafter shown the said automobile had been run only four hundred (400) miles.

"That on or about the 7th day of August, 1924, plaintiff was driving said car south on the main road from Memphis to Clarksdale, and had reached a point just below Clayton, Tunica county, Mississippi. There was a patch of loose gravel toward the right hand side of the road, and plaintiff was in the act of driving closer to the center when the front and rear right wheels suddenly collapsed. The wooden spokes in the front wheel had snapped out from the sockets in the hub and rim, and the spokes in the back wheel had split and were broken off. The wood in the rear wheel spokes was unsound and doty. After the front wheel collapsed the steering wheel broke, and the car turned over, throwing the plaintiff to the road with great violence, injuring him as more particularly shown hereinafter.

"Now, the negligence of the defendants consisted in this: That the spokes in said front wheel were improperly joined to the hub and rim; that the defendants did not adequately test the said spokes and wheels to determine their strength or fitness; that certain of the spokes in the rear wheel were made from unsound stock, were doty and wholly unfit for the purpose and use intended; that an ordinary inspection by a purchaser would not reveal their dangerous character, that said spokes were not properly examined or tested to ascertain their true condition. The defendants knew or could have learned by the exercise of ordinary care and prudence that the said automobile was defective in the particulars hereinabove set out."

At a trial before a jury the court, at the close of the evidence, sustained the defendants' motion for a peremptory instruction. A motion for new trial being overruled, the plaintiff has appealed and assigned errors:

### I.

"The court erred in sustaining the motion of the defendants for the premptory instructions in their behalf made at the close of all the proof.

### II.

"The court erred in directing a verdict in favor of the defendants at the close of all the proof.

### III.

"The court erred in failing and refusing to submit the question of negligence to the jury.

## IV.

"The court erred in failing and refusing to submit the issue of constructive notice on the part of the defendants of the defective condition of the wheels to the jury."

The proof bears out the allegations of the declaration. The car had been run only about 350 miles, was going at the time of the accident about twenty or twenty-five miles an hour. The spokes of the front wheel snapped out of the hub and rim. The spokes of the back wheel were broken and some of them were made of doty timber. One witness says the rear wheel was smashed by the overturning of the car, caused by the collapse of the front wheel.

The defendants proved that the wheels were manufactured by the Hays Wheel Company for the Star cars and delivered to the assembler complete and painted. That the Hays Company is a reputable concern and uses the utmost precaution in inspecting and testing the material used and the work in manufacturing wheels.

The plaintiff says the case presents only one question of law—whether or not it is necessary for the ultimate purchaser of a defective automobile to prove knowledge of defects on the part of the manufacturer in order to hold the manufacturer liable in a suit for negligence.

The defendants insist that the case presents two other questions. First, is the assembler of a motor vehicle, who has bought a finished product from a reputable manufacturer who has used all known tests to discover defects in the manufacture, liable to the ultimate purchaser for defects in the product so purchased; and second, that the accident was not caused by the defective wood in the spokes of the rear wheel, but by the collapse of the front wheel.

On the first proposition the defendants insist that the case of Burkett v. Manufacturing Company, 126, Tenn. 467, is conclusive. Counsel for plaintiff, in an elaborate and able brief, try to break the force of this decision by the argument that the Burkett Case was not an automobile case, and that while our Supreme Court has held that the automobile is not a dangerous instrumentality, yet that our court and other courts have recognized the danger incident to the use of automobiles, and that this consideration must impose upon the manufacturer the utmost caution, and also that it must be possible to fix knowledge of defects upon the manufacturer by circumstantial evidence, because it can not be done otherwise. We confess a great sympathy with this argument and no doubt the opinion of the Court of Civil Appeals in the Burkett Case applied this line of reasoning even to that case, but the Supreme Court held it not controlling.

In view of our decisions that the automobile is not an inherently dangerous instrumentality, we do not see how to distinguish this case from the Burkett Case. In that case the vehicle, it is true, was a horse drawn vehicle, but such a vehicle is also dangerous in its use if defective in construction. It has, or rather had, for it is almost a thing of the past, one element of danger lacking in the motor car. A team of spirited horses would often take fright, when a part of the vehicle broke, and run away with disasterous results to the occupants of the carriage. In the Burkett Case the occupant of the vehicle was injured and the carriage was damaged. The cause was the same—a defective wheel. There was less excuse for the wheel giving way in that case than in this. The circumstantial evidence of negligence and knowledge thereof on the part of the manufacturer was of the same character. In that case the wood of the spokes was brash or brittle. In the present case no defect is shown in the wood of the front wheel, which caused the accident, and no other defect is pointed out in the construction of the front wheel which should have been self-evident to the factory workmen. As to the hind wheel, which was not the cause of the accident, and which would probably have been smashed when the car overturned, even if the spokes had been all sound, the defect was of the same character as in the Burkett· Case. In one case doty, in the other brash or brittle. Doty means discolored by incipient or partial decay. Tough second growth hickory, discolored by incipient decay, may be much stronger than many kinds of brittle wood when entirely sound. Tough hickory discolored by mildew may be much stronger than sound brittle oak or ash, or even old hickory. The defect in the one case should be capable of detection by rigid inspection in the factory, as well as in the other. Yet the court in the Burkett Case said: "Some of the cases cited supra show that the manufacturer's knowledge may be proven by circumstances; but no effort of the kind was made in the present case." If the proof as to character of the wood in the spokes in that case did not amount to an attempt to prove circumstances tending to fix knowledge on the manufacturer, we do not see how the proof in this case can be taken to fix knowledge upon the defendant factory. In the Burkett Case there was, as in this case, a directed verdict. We do not see how to distinguish the two cases and therefore it seems unnecessary to examine authorities from other states.

In addition to this, we think the proposition relied on by defendants that the wheels were purchased in a finished condition, from a reputable manufacturer of wheels, is a good defense, under the case of Walls v. Furniture Company, 5 Court of Civil Appeal Cases, 367.

In that case the McConnell Furniture Co. sold a porch swing to Corinne Clark, and Mary Walls, a visitor, was severely injured by

a hook supporting the swing giving way while she was using the swing. It was admitted that the hook was defective. But as there was no privity between the plaintiff Mary Walls and the Furniture Company, it was held that proof that the Furniture Company bought the swing from a reputable manufacturer and dealer was a complete defense and that plaintiff could not recover.

The assignments of error are overruled and the judgment of the lower court is affirmed.

Owen and Senter, JJ., concur.